CASE NUMBER 12-11967-CC

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

**ANDREW HARLEY SPEAKER,**

Plaintiff/Appellant,

v.

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES
CENTERS FOR DISEASE CONTROL AND PREVENTION,**

Defendant/Appellee.

_____

ON APPEAL FROM A FINAL JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

_____

**REPLY BRIEF OF APPELLANT**

_____

CRAIG T. JONES
Ga. Bar No. 399476
PAGE PERRY, LLC
1040 Crown Pointe Parkway, Suite 1050
Atlanta, Georgia  30338
(770) 673-0047
fax (770) 673-0120
email cjones@pageperry.com

Attorney for Plaintiff/Appellant Andrew Speaker

*Speaker v. U.S. Dept. of HHS*
Case No. 12-11967-CC

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

The following is a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and any other identifiable legal entities related to a party:

Ben-David, Neeli (Attorney for Defendant/Appellee);

Brinkmann, Beth S. (identified by Defendant/Appellee on Certificate of
Interested Persons for previous appeal);

Delery, Stuart F. (identified by Defendant/Appellee on Certificate of
Interested Persons in Brief of Appellee);

Duffey, Hon. William S., Jr. (District Court Judge);

Freeman, Mark R. (Appellee staff counsel at U.S. Dept. of Justice on
previous appeal);

Gardner, Joshua E. (Attorney for Defendant/Appellee);

C-1 of 2

*Speaker v. U.S. Dept. of HHS*
Case No. 12-11967-CC

Horn, John A. (identified by Defendant/Appellee on Certificate of

Interested Persons for previous appeal);

Jones, Craig T. (Attorney for Plaintiff/Appellant);

Page Perry, LLC (law firm representing Plaintiff/Appellant);

Scarborough, Charles W. (counsel for Defendant/Appellee);

Speaker, Andrew H. (Plaintiff/Appellant);

Stern, Mark B. (Appellee staff counsel for U.S. Dept. of Justice on previous

appeal);

United States Department of Health and Human Services Centers for

Disease Control and Prevention (Defendant/Appellee);

United States Department of Justice (representing Defendant/Appellee);

West, Tony (identified by Defendant/Appellee on Certificate of Interested

Persons for previous appeal); and

Yates, Sally Quillian (United States Attorney, identified by Defendant/

Appellee on Certificate of Interested Persons for previous appeal).

## <u>TABLE OF CONTENTS</u>

Certificate of Interested Parties and Corporate Disclosure Statement…………..C-1

Table of Contents …………………………………………………………....i

Table of Authorities…………………………………………………….ii

Table of Record References……………………………………………iv

Appellant's Reply to Appellee's Brief…………………………………………1

      A.     Speaker has not waived any issues on appeal………………………  1

      B.     Speaker is entitled to argue any inferences that can
           be drawn from the evidence or lack thereof…………………… 7

Conclusion……………………………………………………….. 14

Certificate of Compliance……………………………………………..  15

Certificate of Service……………………………………………….. 16

# TABLE OF AUTHORITIES

CASES

*Bashir v. Amtrak*
    119 F.3d at 931 (11th Cir.1997)………………………………………… 10

*Farrow v. West*
    320 F.3d 1235 (11th Cir. 2003)………………………………………… 6, 8

*Floeter v. City of Orlando*
    6:05-cv-400-Orl-22KRS, 2007 WL 486633, at *7
    (M.D. Fla. Feb. 9, 2007) ………………………………………………… 10

*Holifield v. Reno*
    115 F.3d 1555 (11th Cir. 1997)………………………………………… 9

*Hutcherson v. Progressive Corp.*
    984 F.2d 1152 (11th Cir. 1993)………………………………………… 9

*Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*
    736 F. Supp. 2d 1317 (S.D. Fla. 2010)…………………………………… 10

*McCorvey v. Baxter Healthcare Corp.*
    298 F.3d 1253 (11th Cir. 2002)………………………………………… 8

*Miranda v. B & B Cash Grocery Store, Inc.*
    975 F.2d 1518 (11th Cir. 1992) …………………………………………9

*QBE Ins. Corp. v. Jorda Enterprises, Inc.*
    280 F.R.D. 694 (S.D. Fla. 2012)………………………………………… 11

*Speaker  v. U.S. Dept. of HHSCDC*
    623 F. 3d 1381 (11th Cir. 2010) ……………………………………… 2,13

*United States v. Diebold, Inc.*
    369 U.S. 82 S.Ct. 993, 8L. Ed.2d 176 (1962)………………………………9

ii.

*United States v. Henderson*
       693 F.2d 1028, 1030 (11th Cir. 1982)…………………………………… 11

STATUTES AND RULES

5 U.S.C. 552……………………………………………………………… *passim*

5 U.S.C. 552a(e)………………………………………………………… 1,2,5

5 U.S.C. 552(a)(e)(1)…………………………………………………… 2,3

5 U.S.C. 552a(g)(3)……………………………………………………1,2

5 U.S.C. 552a(g)(1)(D)………………………………………………… 2

Fed. R. Civ. P. 56 …………………………………………………..… 9

OTHER MATERIALS

11th Cir. Pattern Jury Instructions §2.3 (2005)………………………… 12

## <u>TABLE OF RECORD REFERENCES</u>

| <u>Brief Page #</u> | | <u>Docket #</u> |
|---|---|---|
| 3 | Second Amended Complaint | 113 |
| 5 | Ex. PPP to Defendant/Appellee's Motion for Summary Judgment | 143-69 |
| 13 | A. Speaker Dep. | 147 |
| 1 | Speaker Affidavit | 152-3 |
| 1,4 | Iseman Affidavit | 152-4 |
| 7 | Ex. G to Plaintiff/Appellant's summary judgment brief | 152-9 |
| 5,7 | Ex. O to Plaintiff/Appellant's summary judgment brief | 152-17 |
| 5,7 | Ex. P to Plaintiff/Appellant's summary judgment brief | 152-18 |
| 5,7 | Ex. Q to Plaintiff/Appellant's summary judgment brief | 152-19 |
| 3,5,6,7 | Nowak Dep. of 3/14/11 | 160 |
| 7 | Nowak Dep. of 4/27/11 | 161 |
| 4,5,6,7 | Nowak Dep. of 5/03/11 | 162 |
| 5,6,7,13 | Skinner Dep. | 163 |
| 5,7 | Thombley Dep. of 5/10/11 | 166 |
| 5 | Order Granting Defendant/Appellee's Motion for Summary Judgment | 181 |

iv.

## APPELLANT'S REPLY TO APPELLEE'S BRIEF

### A.    Speaker has not waived any issues on appeal

Appellee claims that Speaker has "abandoned his 'inaccurate records' claim under Section 552a(e) by not clearly challenging the district court's ruling on that claim in his opening brief."  (Appellee Brief at 25).   However, Mr. Speaker's brief explicitly states that

> Much of the damage suffered by Mr. Speaker was due to the fact that the disseminated information was inaccurate.  The CDC told the world that he was diagnosed with a form of TB that did not have, based on a preliminary diagnosis that should not have been the basis for a public announcement. (R. 152-4, Iseman Aff. ¶21).  Mr. Speaker was characterized in quarantine records and press conferences as having been non-compliant with medical advice and public health directives, and as having deliberately put lives at risk. (*Id.* at ¶20; R. 152-3, Speaker Aff. ¶¶52-60).   While Mr. Speaker never made a formal request to redact or amend the records, the maintenance/dissemination of false information remains outside the scope of legitimate public health objectives under  §552a(g)(3).

(Appellant Brief at 31).  That does not sound like an abandonment of the claim, but a succinct statement of the obvious.   Appellee contends that this is not a sufficiently prominent discussion of the issue to raise it on appeal, but Speaker devoted at least as much space to the issue as Appellee did in refuting it. (Appellant's Brief at 23, 30-32; Appellee's Brief at 25).

The gravamen of Speaker's inaccurate records claim is that fact that there is no legitimate government interest in maintaining or disseminating records that

contain false information:

> Because 5 U.S.C. §552(a)(e)(1) requires that the CDC "maintain in its records only such information about an individual as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute or by executive order of the President," it is a violation of the Act to maintain any information that is not "relevant and necessary" to the agency's purpose. Since the Act's definition of "maintain" includes "disseminate," it was a violation for the CDC to disseminate information that went beyond the scope of what was necessary to accomplish a legitimate public health purpose. 5 U.S.C. §552a(g)(3).

(Id. at 30-31). Accordingly, Speaker is not suing to force the agency to correct inaccuracies in his records, but he is suing under the "catch-all" provision of 5 U.S.C. §552a(g)(1)(D) to recover damages for being adversely affected by the CDC's failure to comply with its recordkeeping obligations under the Privacy Act - which includes an obligation under §552(e) to maintain (and, by definition under §552a(g)(3), to disseminate) records that are accurate. *Speaker v. U.S. Dept. of HHSCDC*, 623 F. 3d 137, 1381 (11th Cir. 2010) (§552a(g)(1)(D) is "a catch-all provision allowing an individual to bring a civil suit when an agency fails to comply with the Privacy Act in such a way as to have an adverse effect on an individual").

Appellee also contends that Speaker has abandoned his claim of unauthorized internal disclosure within the agency. (Appellee Brief at 32). Once again, however, that claim is asserted within the context of a §552a(g)(1)(D) claim

for violation of the CDC's recordkeeping obligations under the Privacy Act –
specifically, in this instance, its obligation of minimum necessary disclosure under
Section 552(a)(e)(1), which, in cases where disclosure is authorized, limits the
disclosure to the scope of the purpose for which disclosure is authorized.  Speaker
clearly pled, argued on summary judgment, and raised on appeal the principle of
minimum necessary disclosure as limiting the scope of both what can be disclosed
and to whom:

> Consistently with the foregoing limitations on the scope of
> permissible disclosure, Plaintiff's Second Amended Complaint alleges
> that Defendant was "[r]equired to ensure that any authorized
> disclosure is compatible with the purpose for which the information is
> to be used, and limiting uses and disclosures to the minimum
> necessary," and asserts that Defendant's "disclosure and public
> discussion of Plaintiff's medical and other private information far
> exceeded the scope of disclosure necessary to protect the health under
> Defendant's privacy rules and policy, just as it exceeded the scope of
> permissible disclosure under the Privacy Act itself."  (R. 113, ¶¶85B,
> 85F).

> It is admitted in this case that there was no need for Glen Nowak,
> Thomas Skinner, or anyone else in the CDC's media relations office
> to know Mr. Speaker's identity. (R. 160, Nowak Dep. of 3/14/11 at
> 55:21-57:1).  Had that information been withheld from Nowak and
> Skinner, they would not have been in a position to disclose it to the
> news media.

> In addition to finding no need for CDC public health officials to
> disclose sensitive information about a specific TB patient to CDC
> media representatives, a finder of fact could determine that there was
> no need for the CDC to release as much information to the public as it
> did.  There was no public health objective justifying the public release

of certain information by the CDC – information that only fueled public animosity toward Mr. Speaker once those details were linked with a name and face after the leak of his identity.  (R. 152-4, Iseman Aff. ¶¶19-21; R. 162, Nowak Dep. of 5/3/11 at 20:2-6).

(Appellant Brief at 29-30).

Appellee claims that the internal disclosure claim was raised for the first time on summary judgment and that "the CDC had no notice of such a claim." (Appellee Brief at 33).  According to Appellee's brief, "Because plaintiff raised this argument for the first time in opposing summary judgment, the government had no opportunity to determine the precise nature of plaintiff's allegations and develop any factual record that might be relevant in response."  (*Id.*).  But Appellee's argument ignores the fact that Speaker made this very contention in a response to Appellee's interrogatories:

> **INTERROGATORY NO. 19**
> Identify all information concerning Plaintiff contained in a record maintained by Defendant that you contend was unnecessary to accomplish a purpose of the CDC required by statute or by executive order of the President.
> **RESPONSE:**    … Subject to the foregoing objection, the definition of "maintain" under the Privacy Act includes "disseminate," and Plaintiff contends that there was no legitimate public objective in disseminating his identity, details of his medical, personal, and travel history, and unconfirmed preliminary test data to the public or the news media.  **Plaintiff further contends that there was no legitimate public health objective in disseminating his identity to anyone within the CDC without a need to know it, including the media relations staff.**  Moreover, there is no legitimate public health objective in disseminating inaccurate information….

(R. 143-69, pg. 4 of 5, no. 19) (emphasis added).  Appellee was not only on notice of this response, but it had ample opportunity during discovery "to determine the precise nature of plaintiff's allegations and develop any factual record that might be relevant in response," and the reason it is in the record at all is because Appellee made it an exhibit to the very summary judgment motion that is the subject of this appeal.  (*Id.*).

According to the District Court, one of the claims that Speaker preserved on summary judgment was the claim that the CDC "is liable for failing to comply with Section 552a(e) of the Privacy Act by maintaining or disseminating information about Plaintiff that was inaccurate, irrelevant, or unnecessary."  (R. 181, pg. 31).   Clearly it was "irrelevant" and "unnecessary" for the CDC press officers' purposes to know the name of the TB patient that was supposed to be kept confidential, but it can be inferred that two of them – including the press officer who deleted his emails[1] – did know it.  (R. 160, Nowak Dep. of 3/14/11 at 55:1-8, 55:21-57:1; R. 162, Nowak Dep. of 5/3/11 at 10:1-11:1, 19:12-19).  The allegation that unnecessary disclosures were made to CDC employees without a "need to know" is still very much a part of this case.

---

[1] Thomas Skinner was the CDC press officer who deleted his emails on two occasions after receiving litigation hold notices from CDC attorneys.  (R. 152-17; R. 152-18; R. 152-19; R. 166, Thombley Dep. of 5/10/11 at 21:22 and Ex. 3, 4 and 6 thereto; R. 163, Skinner Dep. 10:14-17, 18:5-20, 19:5-19, 20:18-25).

Appellee also contends that Speaker did not challenge the trial court's conclusion that "there is no evidence that [CDC press officer] Skinner learned Plaintiff's identity from a CDC system of records or from anyone within the CDC." (Appellee Brief at 25). The summary of facts contained in the Brief of Appellant makes clear, however, that the evidence supports a contrary conclusion. (Appellant Brief at 27-29). Accordingly, Speaker did not fail to challenge the trial court's characterization of the evidence – which is entitled to no deference on a *de novo* review of a grant of summary judgment – but did so by presenting the evidence in the proper light for purposes of the appeal. *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003) (standard of review is *de novo*).

As stated in Speaker's principal brief, the testimony of Skinner's boss, Glenn Nowak, indicates that Skinner was one of the CDC employees who was privy to Speaker's identity before it was public knowledge. (R. 162, Nowak Dep. of 5/3/11 at 10:1-11:1, 19:12-19; R. 160, Nowak Dep. of 3/14/11 at 55:1-8). Moreover, Skinner did not unequivocally testify that he had learned Speaker's identity from an AJC reporter; in fact, he said he did not recall if the AJC reporter ever mentioned Speaker by name until after he was identified by an Associated Press article. (R. 163, Skinner Dep. 34:8-20). Appellant's brief makes clear there is a credibility determination that must be made on that point, particularly since

Skinner is the one who twice deleted all of his emails – including emails with the members of the press who were hounding him for Speaker's identity during this time frame – after being repeatedly told not to spoliate emails or other evidence. (R. 152-17; R. 152-18; R. 152-19; R. 166, Thombley Dep. of 5/10/11 at 21:22 and Ex. 3, 4 and 6 thereto; R. 163, Skinner Dep. 10:14-17, 18:5-20, 19:5-19, 20:18-25; R. 160, Nowak Dep. of 3/14/11 at 88:9-89:16; R. 162, Nowak Dep. of 5/3/11 at 11:6-11, 12:1-25; R. 152-9, DOJ 3044, 3032; R. 161, Nowak Dep. of 4/27/11 at 58:5-17, 61:5-15, 64:10-25, 72:8-25). Speaker also argued in his initial brief that there is a credibility issue arising from the fact that Nowak and Skinner conferred during and between depositions, and Nowak even changed his testimony – which dealt with what Skinner had told him concerning whether the Associated Press had asked Skinner to disclose or verify Speaker's identity – after a conversation with Skinner during a break in his testimony. (Brief of Appellant at 27, fn. 8 and citations to record therein). Speaker has clearly advanced a statement of the facts that is in opposition to the trial court's view, and he has raised credibility issues that preclude any factual determination as a matter of law.

**B.    Speaker is entitled to argue any inferences that can be drawn from the evidence or lack thereof**

Appellee contends that abuse of discretion is the proper standard of review on the trial court's refusal to credit the inference that a CDC press officer – one of

only two CDC employees in regular contact with the media who was in a position to know and release Speaker's name – deleted all of his emails on two occasions after being told to retain them for purposes of this litigation.  (Appellee Brief at 29; Appellant Brief at 26-30 and citations to record therein).  The problem with that argument is that Speaker did not move for sanctions or request a jury charge, as was done in the spoliation cases cited by Appellee, but is simply relying upon an inference – supportable by the evidence – to overcome summary judgment.  (Appellant Brief at 46-50).  The standard of review on a motion for summary judgment is *de novo* review, without deference to findings of fact by the trial court: "In conducting a *de novo* review of the district court's grant of a summary judgment motion, we construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party."  *Farrow v. West*, 320 F.3d 1235, 1249 (11th Cir. 2003) (citing *McCorvey v. Baxter Healthcare Corp.,* 298 F.3d 1253, 1257 (11th Cir. 2002)).

Like the other evidence relied upon by Speaker, the fact that a key CDC employee deleted his emails under these circumstances is a relevant fact to be considered by the finder of fact – along with all the blinks, nervous twitches, avoidance of eye contract, and other indicia of credibility that emanate from a live witness on the stand but not from the pages of a deposition transcript.  It is

axiomatic that a trial court cannot make a credibility determination as a matter of law on a motion for summary judgment.   Inferences shedding light on that determination, as well as on the elements of Speaker's claim, must be construed in the light most favorable to Speaker as the nonmoving party under Rule 56.

> On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion. A study of the record in this light leads us to believe that inferences contrary to those drawn by the trial court might be permissible.

*United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962).

> The court may not weigh evidence to resolve a factual dispute; if a genuine issue of material fact is present, the court must deny summary judgment. *Hutcherson v. Progressive Corp.,* 984 F.2d 1152, 1155 (11th Cir. 1993). Likewise, if reasonable minds could differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992).

*Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997).

The context of the trial court's review of the spoliation evidence is a summary judgment motion.   Summary judgment standards therefore apply.   Other courts have held that the inference arising from spoliation of evidence can be argued at trial whether the court imposes spoliation sanctions or not:

9

Although the undersigned finds that the plaintiff's motion for sanctions should be denied in its entirety, this ruling does not foreclose the possibility that the plaintiff will be able to introduce evidence of the defendant's failure to retain relevant documents at trial. In *Floeter v. City of Orlando,* 6:05-cv-400-Orl-22KRS, 2007 WL 486633, at *7 (M.D. Fla. Feb. 9, 2007), the magistrate judge denied the plaintiff's motion for spoliation sanctions. Nonetheless, it stated that its ruling did not foreclose the possibility that the trier of fact would hear evidence of the defendant's failure to preserve evidence:

> This order should not be read to mean that the circumstances surrounding the replacement and reimaging of [the plaintiff's supervisor's] Original Computer would necessarily be inadmissible at trial. **Courts have found that loss of evidence may be relevant and admissible for the jury's consideration, and that adverse inferences arising from such destruction can be argued by counsel in closing**.... Whether such evidence and argument will be permitted in this case is a decision to be made by the presiding district judge.

*Id.* (citations omitted). **Similarly here, although the plaintiff is not entitled to an adverse jury instruction**, *see Bashir,* 119 F.3d at 931 (requiring a showing of bad faith for the imposition of an adverse inference), the district court may determine that **the circumstances surrounding the defendant's failure to retain relevant documents after February 2009 are admissible at trial.**

*Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1334 (S.D. Fla. 2010) (emphasis added). Likewise, a defendant seeking spoliation sanctions could still argue the inference to the finder of fact even though sanctions were not imposed:

> Indeed, if Defendant is correct that "without the [allegedly spoliated physical evidence], documents and witnesses, there is arguably no basis for a finder of fact to infer … that Jorda is liable," then Defendant can simply point out these deficiencies in the evidence at trial and present a strong defense against Plaintiff's claim.

*QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 280 F.R.D. 694, 697 (S.D. Fla. 2012).

The inference arising from the deletion of the emails is circumstantial evidence that those emails contained relevant information linking the CDC to the disclosure of Speaker's identify.  (Appellant Brief at 29-30, 49-50).  The evidence of the CDC's motive to identify and publicize a high-impact case of XDR-TB in order to justify essential budget increases is also circumstantial evidence in that it provides further support for the inference that the CDC disclosed his name.  (*Id.* at 22-26).  The fact that the CDC media office issued a press release mentioning Speaker by name on the very day he was first identified by the Associated Press – in violation of CDC policy not to do so – amounts to circumstantial evidence for the proposition that the agency was willing to overlook privacy concerns as part of an agenda to publicize and eradicate XDR-TB. (Appellant Brief at 20-22, 25-26 and record cites therein).  This circumstantial evidence, and other inferences that can be reasonably drawn from the facts of record, is entitled to the same weight as direct evidence on a motion for summary judgment.  *United States v. Henderson*, 693 F.2d 1028, 1030 (11th Cir. 1982) ("The test for evaluating circumstantial

evidence is the same as in evaluating direct evidence").[2]  If circumstantial evidence

is sufficient to establish guilt beyond a reasonable doubt, it is sufficient to

overcome summary judgment in a civil case.  693 F. 2d at 1030.

> [C]ircumstantial evidence is not testimony to the specific fact being
> asserted, but testimony to other facts and circumstances from which
> the jury may infer that the fact being asserted does or does not exist.
> The distinction between these two types of evidence is that with direct
> evidence, the jury does not have to draw inferences to decide whether
> the fact asserted exists, the evidence directly supports the existence or
> non-existence of the fact and the jury's involvement is to decide
> whether they believe what the witness says. **With circumstantial
> evidence the jury must decide whether to draw the inference or
> connection between the evidence presented and the fact asserted.**

*Id*. at 1031 (emphasis added).  It is up to the finder of fact, after hearing all of the

evidence and making credibility assessments at trial, to decide whether Plaintiff is

entitled to the inferences he seeks to draw – not the court as a matter of law on a

motion for summary judgment.

Finally, Appellee invites an impermissible inference – impermissible

because it is not based on the view of the evidence that is most favorable to Mr.

Speaker on summary judgment – that Speaker himself may have been responsible

for the release of his name because he gave an interview to an AJC reporter the day

---

[2] That is consistent with what juries are charged in this circuit:  "'Circumstantial
evidence' is proof of a chain of facts and circumstances tending to prove, or
disprove, any fact in dispute.  The law makes no distinction between the weight
you may give to either direct or circumstantial evidence."  11th Cir. Pattern Jury
Instructions §2.3 (2005).

of the CDC's first press conference.  (Appellee Brief at 25-27).  Speaker has testified, however, that the AJC reporter did not interview him until after he began receiving calls from the news media on the afternoon of the press conference, indicating that the reporter – like the other members of the media who called him that day – had gotten his name from someone else.  (R. 147, A. Speaker Dep. 256:6-21).  The CDC press officer who deleted his emails, Thomas Skinner, spoke to the same AJC reporter on the day of the press conference and testified – contrary to Appellee's assertion – that he did "not recall" if the AJC reporter mentioned Speaker's name to Skinner that day, but that she did reference Speaker by name in a later conversation, after Speaker's name first appeared in an Associated Press article.  (R. 163, Skinner Dep. 34:8-20).

The temporal proximity between the first CDC press conference and the release of Speaker's name by the news media authorizes an inference that the two were connected when combined with the evidence of spoliation and motive discussed above and in Speaker's principal brief.  *Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1385 (11th Cir. 2010) ("close temporal relationship between the time of the CDC's press interaction and the discovery of Speaker's identity is far removed from the factual allegations in *Twombly")*.  For the same reason that this "close temporal

13

relationship" made Speaker's allegations plausible at the pleading stage, it is an evidentiary inference that – when combined with the other facts and inferences in his favor – weighs against summary judgment.

## CONCLUSION

For the foregoing reasons, and for the reasons discussed in the principal Brief of Appellant filed previously, Plaintiff/Appellant Andrew Speaker respectfully requests that the Order and Judgment of the District Court be reversed and that this case be remanded for trial.

Respectfully submitted this 7th day of August, 2012.

/s/ Craig T. Jones
CRAIG T. JONES
Ga. Bar No. 399476
Attorney for Plaintiff/Appellant

PAGE PERRY, LLC
1040 Crown Pointe Parkway
Suite 1050
Atlanta, GA  30038
(770) 673-0047
Fax (770) 673-0120
cjones@pageperry.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this Reply Brief of Appellant complies with the fifteen-page or 7,000-word type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, as modified by 11th Cir. Rule 32-4.  This Brief contains approximately 3,420 words and was prepared using Times New Roman 14-point typeface.

/s/ Craig T. Jones
Craig T. Jones
Ga. Bar No. 399476
Attorney for Plaintiffs/Appellant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I served the foregoing **BRIEF OF APPELLANT** via First Class U.S. Mail addressed to the following attorneys of record:

> Charles W. Scarborough, Esq.
> Appellate Staff, Civil Division
> United States Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Washington, C.C.  20530
>
> Joshua E. Gardner, Esq.
> Federal Programs Branch
> United States Department of Justice
> 20 Massachusetts Avenue, N.W.
> Washington, D.C. 20530
>
> Neeli Ben-David, Esq.
> Assistant United States Attorney
> 600 Richard Russell Building
> 75 Spring Street, S.W.
> Atlanta, GA 30303

This 7th day of August, 2012.

> /s/ Craig T. Jones
> CRAIG T. JONES
> Ga. Bar No. 399476
> Attorney for Plaintiff/Appellant